**Rashid ARAFAT, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Department of Homeland Security, Respondent.**

No. 04–2213–ag.

United States Court of Appeals, Second Circuit.

May 3, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Rashid Arafat, Batavia, New York, for Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Susan Corkery, Daniel A. Spector, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. DENNIS JACOBS, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Rashid Arafat, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming Immigration Judge ("IJ") John Reid's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

We need not address the issue of whether we have jurisdiction to review challenges, like Arafat's to "asylum only" decisions of the BIA where no actual order of removal has been issued. *See* 8 U.S.C. § 1252 (referring specifically in both the section title and text to "orders of removal"). Although we have an independent obligation to determine that jurisdiction exists before proceeding to the merits, *Filsaime v. Ashcroft*, 393 F.3d 315, 317 (2d Cir.2004) (per curiam), we would deny Arafat's petition even assuming that jurisdiction is proper, *see Abimbola v. Ashcroft*, 378 F.3d 173, 180 (2d Cir.2004) (asserting hypothetical jurisdiction where, as here, the jurisdictional issues related to statutory and not constitutional jurisdiction).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). However, this Court retains jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and matters of statutory or regulatory construction, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 153–54 (2d Cir.2006); *Joaquin–Porras v. Gonzales*, 435 F.3d 172, 178–80 (2d Cir. 2006).

■ In the present case, Arafat arrived in the United States in 2000, and failed to file his asylum application until 2003, after the one-year deadline. Because Arafat has raised no constitutional claims or matters of statutory or regulatory construction, this Court lacks jurisdiction to review the denial of his asylum application. We go on to consider the withholding and CAT claims.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ As to withholding of removal, substantial evidence supports the IJ's conclusion that Arafat failed to show that he would be persecuted by a member of the Pakistani government if returned to Pakistan. Without giving Arafat's testimony full credence, the IJ found that, even if Arafat's testimony were taken as true, Arafat nonetheless failed to establish eligibility for withholding of removal, because Arafat's supporting documents raised "more

questions than answers" when compared with his hearing testimony; Arafat failed to include the 1997 repair shop incident in his asylum application, even though it was the sole incident in which Arafat himself had been targeted; Arafat failed to establish that he had been injured, detained, interrogated or subjected to similar harm while in Pakistan.

Arafat has waived any challenge to the IJ's denial of CAT relief by failing to address this issue in his brief before this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.